IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| BOBBY DAMRON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| VS. | ) | No. 14-1294-JDT-egb |
| CHERRY LINDAMOOD, | ) | |
| Defendant. | ) | |

ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On August 27, 2014, Plaintiff, Bobby Damron, Tennessee Department of Correction ("TDOC") prisoner number 115744, who was, at the time, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee. (ECF No. 1.)[1] After Plaintiff filed the necessary documentation (ECF No. 10), United States District Judge Aleta A. Trauger issued an order on October 24, 2014, granting leave to proceed *in forma pauperis*, assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), and transferring the case to this district, where venue is proper (ECF No. 13). The case was docketed in this district on October 24,

---

[1] According to the TDOC's Felony Offender Information, https://apps.tn.gov/foil/, Plaintiff is currently incarcerated at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. The Clerk is DIRECTED to modify the docket to reflect Plaintiff's current address.

2014. (ECF No. 14.) The Clerk shall record the Defendant as WCF Warden Cherry Lindamood.[2]

Plaintiff alleges that he is sixty years old. Since his arrival at the WCF on April 23, 2014, he has been threatened by other inmates and been forced to fight. (ECF No. 1 at 1.) After Plaintiff's fights, the medical staff gives him Tylenol and a muscle balm. (*Id.* at 4.) Plaintiff was also injured climbing into a top bunk. (*Id.*) Plaintiff has difficulties getting clothing and showers in certain units. (*Id.*) WCF staff refuse to move Plaintiff to "a laid back pod." (*Id.*) Plaintiff complained to staff and wrote grievances, which caused him to be "harassed and threatened by staff and inmates." (*Id.* at 6.) Staff members gave Plaintiff's magazine to another inmate. (*Id.*) Plaintiff was supposed to have been moved but, as of the date of the complaint, that had not happened. (*Id.* at 2.) Plaintiff seeks a transfer to the Charles B. Bass Correctional Complex in Nashville, Tennessee, or to another, safer environment. (*Id.*)

On September 29, 2014, Plaintiff submitted an amended complaint and an unsigned declaration.[3] The amendment, which is titled "Eighth Amendment Cruel and Unusual Punishment," reiterates allegations in the original complaint. (ECF No. 5 at 1.) Plaintiff alleges that he asked to be in protective custody and that he was forced to go into segregation

---

[2] The Clerk is DIRECTED to further modify the docket to include the Defendant's first name.

[3] The Court ordinarily would not consider the declaration because it is unsigned. *See* Fed. R. Civ. P. 11(a). However, the Court declines to require Plaintiff to sign his declaration because it would not alter the outcome of this action.

on June 27, 2014, because of threats by inmates and staff. (*Id.* at 1-2.) Plaintiff was released from segregation on July 20, 2014, at which time he asked to be placed in a protective custody pod. Plaintiff was forced out of segregation and sent to HB 112, which is not a protective custody unit. Plaintiff was placed in a cell with inmate Wilson, TDOC number 445701.[4] A few days later, Wilson allegedly threatened to do bodily harm to Plaintiff. Although Plaintiff notified Unit Manager White, Case Manager Askew and Corrections Officer Jones about the threats, Plaintiff was not moved. (*Id.* at 2.) White allegedly did not want Plaintiff to file a grievance. She urged Plaintiff to speak to her instead. Plaintiff was forced to live with Wilson and could not open his mouth. (*Id.* at 3.) Finally, in August, Wilson was reclassified to a lower security level and moved to a program that is like a boot camp. (*Id.*)

Plaintiff also alleges that staff tampered with his mail, contending that staff on the first shift gave his mail to inmate named Hilbred. (*Id.*) The amended complaint does not specify any additional relief sought by Plaintiff.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[4] According to the TDOC Felony Offender database, prisoner number 445701 is assigned to Jerry L. Wilson, who is currently incarcerated at the Turney Center Industrial Complex.

3

>    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

4

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out

5

the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

"Article III of the Constitution limits the judicial power to the adjudication of 'Cases' or 'Controversies.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137 (2007) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."); *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001) (same). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F.3d at 458.

As stated, *supra*, since the filing of the complaint Plaintiff was transferred from the WCF in Whiteville, Tennessee, to the SCCF in Clifton, Tennessee. Because the only relief

Plaintiff sought in the complaint was a transfer, his claims are now moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility). Therefore, the Court DISMISSES Plaintiff's complaint as moot.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as moot also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the

7

installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.[5]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[5] The Court has not assessed a "strike" under 28 U.S.C. § 1915(g) because it has not been determined that the case was subject to dismissal for failure to state a claim or as frivolous when it was filed.